IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>IXIA MERCADO CONCEPCION,<br><br>Debtor. | Case No. 13-09126-BKT<br><br>Chapter 7 |
| NILSA LYON RIOS, LEON LYON, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>IXIA MERCADO CONCEPCION,<br><br>Defendant. | Adversary No. 14-00002 (BKT) |

**MOTION TO QUASH SUBPOENA ON NON-PARTY WITNESS**

TO THE HONORABLE COURT:

COMES NOW the Blay-Mercado Siblings Trust (the "Trust"), through its undersigned attorneys, and without submitting to this Court's jurisdiction, respectfully alleges, states and prays:

1. The Trust was included as a defendant in the Amended Complaint filed in this adversary proceeding on June 3, 2014. Summons were issued on June 4, 2014, however the Trust was never served with a copy of the summons and complaint as required by Bankruptcy Rule 7004.

2. Yet, despite never having served the Trust in this action, plaintiffs have proceeded to serve a subpoena duces tecum on the Trust's accountant, Lillian Silva, CPA, specifically requesting extensive production of all of the Trust's financial documents, including bank account

statements, financial statements, and credit/debit statements. (See executed subpoena, Exhibit 2 to Plaintiffs' Opposition to Motion to Quash Subpoena, Dkt 37).

3. Since the Trust has not been served in this case, and is thus not a party to this case, the undersigned attorney only became aware of the subpoena served on the Trust's accountant today. The undersigned attorney recently commenced representing the Trust in another related adversary proceeding: Landrau v. Fideicomiso Hermanos Blay Mercado, et al, Case No. 14-00161(BKT).

4. A review of the docket sheet shows that an Initial Scheduling Conference was held in this case on April 23, 2014, and discovery deadlines were set, however this was prior to the filing of the Amended Complaint on June 3, 2014.

5. The plaintiffs' attempts to conduct discovery of privileged matter pertaining to the Trust without having served the Trust, and without the Trust's interests being protected by counsel, is premature at best, and questionable. The docket sheet in this case demonstrates that this is not the first time that the plaintiffs have attempted such discovery practices. See dkt nos. 22, 34 and 36. This third irresponsible discovery attempt should not be condoned by this Court.

6. The Trust notes that defendant Ixia Mercado Concepcion already filed a Motion to Quash the Second Subpoena Served on Non-Party Witness Lilliam Silva, CPA, dkt no. 36. The Trust hereby joins in said motion, and adopts the arguments pertaining to lack of notice, since as an affected entity the Trust received no notice whatsoever.

7. It is also apparent from the docket sheet that two other parties, Bianca Blay Mercado and Marcel Blay Mercado ("Blay Siblings"), were included as defendants in the Amended Complaint, and yet they have also not been served. The subpoena at issue here also requests extensive personal and financial information pertaining to the Blay Siblings. Thus, any

taking of discovery in this case that directly affects the interests of the Trust and/or the Blay Siblings would be irresponsible and premature.

8. In view of the above, the Trust respectfully request from this Honorable Court, that it quashes the subpoena served on Lilliam Silva, CPA, commanding production of documents pertaining to the Trust, and that it enters an order enjoining plaintiffs from conducting any discovery pertaining to the Trust until it is either properly before this Court as a party to the case, or it has received proper notice.

WHEREFORE, the Trust respectfully requests from this Honorable Court, that it quashes the subpoena served on Lilliam Silva, CPA, commanding production of documents pertaining to the Trust, and that it enters an order enjoining plaintiffs from conducting any discovery pertaining to the Trust until it is either properly before this Court as a party to the case, or it has received proper notice of any subpoena.

Respectfully submitted.

In San Juan, Puerto Rico, this 28th day of July, 2014.

I HEREBY CERTIFY: That on this same date I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*s/ Joan Schlump Peters*
**Joan Schlump Peters**
USDC-PR No. 207409
Email: jpeters@guillemardlaw.com

P.O. Box 9949
San Juan, PR 00908
Tel. (787) 724-1212
Fax (787) 725-1339