IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>IXIA MERCADO CONCEPCION,<br><br>Debtor. | Case No. 13-09126-BKT<br><br>Chapter 7 |
| NILSA LYON RIOS, LEON LYON, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>IXIA MERCADO CONCEPCION,<br><br>Defendant. | Adversary No. 14-00002 (BKT) |

**OPPOSITION TO MOTION REQUESTING ENTRY OF DEFAULT,
AND REQUEST FOR RELIEF**

TO THE HONORABLE COURT:

COMES NOW the Blay-Mercado Siblings Trust (the "Trust"), through its undersigned attorneys, and respectfully alleges, states and prays:

1. The plaintiffs have filed a Motion Requesting Entry of Default, dkt 46, alleging that the Trust was served on June 4, 2014 with a copy of the summons and amended complaint. The plaintiffs have attached an affidavit of service, along with the alleged evidence of service. The fact is however, that *plaintiffs must have known* that the Trust *NEVER* received service of the summons and complaint.

2. The plaintiffs requested and paid for "certified mail receipt" service from the US Post Office, which then assigns a tracking number to the parcel. Upon delivery to the recipient, a

signature is obtained from the recipient and the "certified mail receipt" card is mailed back to the sender as evidence that delivery was successful. Plaintiffs' motion for entry of default and accompanying affidavit of service pertains not only to the Trust, but also to co-defendants La Armeria Metropolitana, Inc. ""La Armeria"), Marcel Blay Mercado and Bianca Blay Mercado (the "Blay Mercado siblings"). But a mere glance at the supporting documents shows that plaintiffs only included the evidence of delivery, the certified mail receipt card signed by the recipient, for La Armeria, not for the Trust or the Blay Mercado siblings. This glaring omission led the undersigned attorney to check the tracking number on the US Postal Service website for the envelope sent to the Trust.

3.  *A tracking of the envelope sent to the Trust shows that the **envelope was returned to plaintiffs' attorney's offices, undelivered, on July 3, 2014.*** See Exhibit 1 attached hereto, USPS.com Tracking Information.[1] Thus, although plaintiffs could have tracked the package earlier and realized it was not delivered, by July 3, 2014, plaintiffs should have known that service had NOT been effected on the Trust.

4.  Yet, despite that knowledge, plaintiffs had the temerity to proceed with discovery, including subpoenaing the Trust's accountant to be deposed and for the production of the Trust's confidential financial information. Even more egregious, plaintiffs have asked this Court to enter default against the Trust even though they must have known that service had not been effected on the Trust. Plaintiffs' motion for entry of default and affidavit of service is misleading this Court.

5.  As of this date, the Trust has not been served with the summons and complaint in this case, nor has the Trust by any means been attempting to evade service. The plaintiffs simply

---

[1] Note that the zip code for the intended recipient, the Trust, is 00926. The zip code for the offices of plaintiffs'

attempted service, must have known that service was unsuccessful, and then proceeded to conduct discovery and move for default despite this knowledge.

6. The Trust herein opposes the entry of default, and also requests that this Honorable Court order the plaintiffs to cease discovery until such time that the Trust has been properly served and has had an opportunity to respond to the amended complaint.

WHEREFORE, the Trust respectfully requests from this Honorable Court that it deny plaintiffs' Motion Requesting Entry of Default, that it order plaintiffs to properly serve the Trust, and that it order the plaintiffs to cease discovery until the Trust has been properly served and has had an opportunity to respond to the amended complaint.

Respectfully submitted.

In San Juan, Puerto Rico, this 29th day of July, 2014.

I HEREBY CERTIFY: That on this same date I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*s/ Joan Schlump Peters*
**Joan Schlump Peters**
USDC-PR No. 207409
Email: jpeters@guillemardlaw.com

P.O. Box 9949
San Juan, PR 00908
Tel. (787) 724-1212
Fax (787) 725-1339

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this

---

attorney, Morell, Bauza, Cartagena & Dapena, is 00908.

3

paper with the clerk's office of the United States Bankruptcy Court of the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may e granted unless: (1) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.