IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>IXIA MERCADO CONCEPCION,<br><br>Debtor.<br><br>NILSA LYON RIOS, LEON LYON, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>IXIA MERCADO CONCEPCION,<br><br>Defendant. | Case No. 13-09126-BKT<br><br>Chapter 7<br><br><br><br>Adversary No. 14-00002 (BKT) |

**SUR-REPLY TO PLAINTIFFS' REPLY TO OPPOSITION TO MOTION REQUESTING ENTRY OF DEFAULT, AND REPLY TO OPPOSITION TO REQUEST FOR RELIEF**

TO THE HONORABLE COURT:

COMES NOW the Blay-Mercado Siblings Trust (the "Trust"), through its undersigned attorneys, and respectfully alleges, states and prays:

1. The plaintiffs have filed a Reply to Defendants' Oppositions to Entry of Default, and Opposition to Defendants' Request for Relief ("Reply") (Dkt. 49). The plaintiffs blithely contend that default is merited because pursuant to Bankruptcy Rule of Civil Procedure 7004(b)(1), service of the complaint is effective upon mailing, and proof of receipt is not required. If plaintiffs had mailed the summons and complaint by first class mail, and not by certified mail return receipt requested, they would be correct. However, that is not the case before this Court, and as will be shown below, precisely because the certified mail was returned unclaimed to the plaintiffs, service was not effective under Rule 7004(b)(9).

2. The exact scenario presented herein was addressed by the Bankruptcy Court in GE Money Bank v. Frazier (In re Frazier), 394 B.R. 399, 400-402 (Bankr. E.D. Va. 2008): "The

issue presented is whether mailing a summons and complaint by certified mail satisfies the requirement of Rule 7004(b)(9) that the summons and complaint to be mailed by first class mail. The bank mailed the summons and complaint to the debtors at their address of record in the main bankruptcy case by certified mail, return receipt requested. The mailing was returned to the bank unclaimed." And just as in the instant matter, the bank later moved for default, which the debtors opposed.

3. The Frazier Court relied on In re Eleva, Inc., 2000 WL 33710904 (D.Utah Apr. 17, 2000): "In Eleva the summons and complaint were mailed by certified mail, return receipt requested. The mailing was returned unclaimed. The district court held that the mailing was insufficient. *Id.* at *4. It reasoned that Rule 7004(b) requires service "be made within the United States by first class mail postage prepaid." It found that there is a difference between first class mail and certified mail: "[C]ertified mail requires an affirmative act by a defendant to obtain an unidentified package that is being held by the post office, and the plaintiff receives actual notice regarding whether the defendant actually received the package." *Id.* First class mail does not require any affirmative action. Thus, certified mail did not comply with Rule 7004(b)."

4. The Frazier Court further explained the difference between the use of certified mail and first class mail: "Certified mail is an additional service available for first class mail. First class mail is simply delivered to the address. The addressee need not be home. In fact, the postal service does not usually make any effort to determine whether anyone is at home. It simply leaves the mail in the mailbox. This leaves open possible later challenges to service of process. Certified mail, return receipt requested, tends to reduce later challenges by showing that the mail was actually delivered to the address of record and that the defendant had actual notice of the proceeding because the defendant must sign for the mail in order to receive it. It is understandable that plaintiffs like this additional assurance; however, the drawback is that if the defendant is not home, the summons and complaint may never be delivered to him. If he is not at home when the mail arrives, notice that the mail is available is left and two additional efforts are made to deliver it. If the attempts are unsuccessful and the mail is not picked up at the post office within a specified period, it is returned as unclaimed. There are many reasons why individuals do not pick up certified mail. Their work hours may not allow them to go to the post office while it is open. They may have transportation difficulties. They may be out of town during the critical period. They may never pick up certified mail believing certified mail only brings bad news that

may be avoided if it is not picked. Whatever the reason, reasonable or not, the summons and complaint are never delivered to the defendant." 394 BR at 400-401 (footnotes omitted).

5. The <u>Frazier</u> Court summarized its rationale: "The critical element is allowing the normal process of first class mail to take its course. Service by first class mail has proven efficient and effective because of the reliability of first class mail actually being delivered to the defendant. Certified mail interposes a hurdle that interferes with this process. First class mail is reliably delivered to the defendant's home and reliably received by the defendant when delivered to his home. Unclaimed certified mail is not delivered and there is little likelihood that the defendant will know what is transpiring." 394 BR at 401(footnotes omitted).

6. The <u>Frazier</u> Court's holding is directly applicable to the instant matter: "In this case, the attachments to the bank's certificate of service show that the certified mail to the debtor was returned unclaimed. Therefore, service upon the debtors was not effective under Rule 7004(b)(9). The court will deny the bank's motion for default judgment and grant the debtors' motion to quash service." 394 BR at 401(footnotes omitted).

7. The plaintiffs' Reply only serves to confirm that they knew that defendants had not received the summons and complaint, and that they proceeded to take advantage of this information and attempt to obtain confidential information through discovery, and then take further advantage and move for entry of default. It is disturbing that the plaintiffs would not have even attempted to contact defendants' attorneys to request permission to serve on counsel or re-attempt service by first class mail. Plaintiffs' conduct treads on very thin ice of litigating in bad faith.

WHEREFORE, the Trust respectfully requests from this Honorable Court that it deny plaintiffs' Motion Requesting Entry of Default, that it quash plaintiffs' service on the Trust, and that it order the plaintiffs to cease discovery until the Trust has been properly served and has had an opportunity to respond to the amended complaint.

Respectfully submitted.

In San Juan, Puerto Rico, this 30th day of July, 2014.

I HEREBY CERTIFY: That on this same date I have electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*s/ Joan Schlump Peters*
**Joan Schlump Peters**
USDC-PR No. 207409
Email: jpeters@guillemardlaw.com

P.O. Box 9949
San Juan, PR 00908
Tel. (787) 724-1212
Fax (787) 725-1339

## **NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court of the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may e granted unless: (1) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.