IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> IXIA MERCADO CONCEPCION <br><br> Debtor | CASE NO. 13-09126-BKT <br><br> CHAPTER 7 |
| NILSA LYON RIOS, LEON LYON, JR. <br><br> Plaintiffs <br><br> vs. <br><br> IXIA MERCADO CONCEPCION, et als. <br><br> Defendants | Adversary No. 14-0002 (BKT) |

**BRIEF RESPONSE TO DEFENDANT'S SUR-REPLY AS
TO REQUEST FOR ENTRY OF DEFAULT**

TO THE HONORABLE COURT:

  COME NOW Plaintiffs, Nilsa Lyon Rios and León Lyon Jr., (hereinafter "Plaintiffs") through the undersigned counsel, and respectfully state and pray as follows:

  1. Plaintiffs hereby present a brief response to Defendants Blay-Mercado Siblings Trust, Marcel Blay-Mercado and Bianca Blay-Mercado's sur-reply on the matter of Plaintiffs' request for entry of default. While Plaintiffs' recognize it is not usual to respond to a sur-reply, they respectfully submit that the present brief response is

nevertheless necessary in order to clarify the Court with regards to the case law brought up by Defendants in Dkt. #50.

2. That case law is GE Money Bank v. Frazier (In re Frazier), 394 B.R. 399, 400 (Bankr. E.D. Va. 2008) and Rushton v. Pops Investment Company Ltd. (In re Eleva, Inc.), 2000 WL 33710904 (D. Utah Apr. 17, 2000). These two cases focus on a distinction between First Class Mail and Certified Mail to conclude that service by Certified Mail left unclaimed by a defendant is not effective even if mailed to the correct address. The reasoning is that if the mail is not picked up (among other reasons because "believing certified mail only brings bad news that may be avoided if it is not picked"), then "[w]hatever the reason, reasonable or not, the summons and complaint are never delivered to the defendant." In re Frazier, 394 B.R. at 401.

3. Such reasoning, however, is clearly flawed as it is inconsistent with the express language of Rules 7004(b) and 9006(e) which states that service is effected upon "mailing", as well as the vast majority of the case law cited by Plaintiffs' in their reply holding that no proof of actual receipt is required. See cases cited at Dkt.#49, ¶ 4. In most, if not all, of those cases, defendants made allegations that they did not receive service for a variety of reasons: that they were away from home, that they had moved, etc. Nonetheless, the courts are consistent that lack of receipt does not affect the validity of service. Cossio v. Cate (In re Cossio), 163 B.R. 150, 154-155 (B.A.P. 9th Cir. Cal. 1994) summarizes the consensus by the majority of the courts: "Assuming that Rittenhouse is not mistaken as to receipt, lack of receipt does not controvert the evidence that the

2

papers were mailed as stated. It is just as logical to assume that the papers were subsequently misdirected or not forwarded by the addressee, or simply misplaced or overlooked". Plaintiffs' respectfully submit to this Court that the two cases cited by the Defendants do not persuasively explain how not receiving service sent by Certified Mail is any different from lack of receipt of service sent by plain First Class Mail.[1]

4. Significantly, Judge Lamoutte's opinion in <u>Laboy v. Firstbank P.R. (In re Laboy)</u>, 2010 Bankr. LEXIS 345, *33 (Bankr. D. Puerto Rico, 2010), previously cited in Plaintiffs' reply, involved service sent by Certified Mail. Moreover, in that case "Plaintiffs' counsel never received the return receipt slip from the U.S. Postal Service. The on-line track and confirm feature of the U.S. Postal Service informed Plaintiffs that a notice for the parcel … was left on May 21, 2009 at 10:42am and that no further information is available". Nevertheless it was held, based on the majority of case law, that "the court finds that Plaintiffs mailed the summons and complaint within one-hundred twenty (120) days of the filing the complaint since the same was sent via certified mail return receipt requested… to the last address of the resident agent that appeared on the on-line system for the Puerto Rico Department of State…"[2] No distinction was made between plain First Class Mail and Certified Mail.

---

[1] Rather those two cases merely emphasize the reasons why Certified Mail may not be delivered to a defendant. But as we have just discussed, the majority of courts is not concerned as to the reasons for lack of receipt, rather the fact that service was mailed.

[2] Judge Lamoutte later held that service in that case was ineffective even when correctly mailed because the plaintiffs mailed the summons more than ten days after it had been issued.

3

WHEREFORE, for the foregoing reasons it is respectfully requested that this Honorable Court enter default against the Blay-Mercado Siblings Trust, Marcel Blay-Mercado and Bianca Blay-Mercado.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 30th day of July, 2014.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants of record.

**MORELL BAUZA CARTAGENA & DAPENA**
PO Box 13399
San Juan, Puerto Rico 00908
Tel. (787) 723-1233; Fax: (787) 723-8763

s/ Ramón E. Dapena
RAMÓN E. DAPENA
USDC-PR 125005

s/ Victor J. Quinones
VICTOR J. QUINONES
USDC-PR 221410