IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>IXIA MERCADO CONCEPCION,<br><br>Debtor. | Case No. 13-09126-BKT<br><br>Chapter 7 |
| NILSA LYON RIOS, LEON LYON, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>IXIA MERCADO CONCEPCION,<br><br>Defendant. | Adversary No. 14-00002 (BKT) |

**OPPOSITION TO PLAINTIFFS' MOTION REQUESTING LEAVE TO FILE BRIEF RESPONSE TO SUR-REPLY AS TO REQUEST FOR ENTRY OF DEFAULT**

TO THE HONORABLE COURT:

COMES NOW the Blay-Mercado Siblings Trust (the "Trust"), through its undersigned attorneys, and respectfully alleges, states and prays:

1. The plaintiffs have filed a Motion Requesting Leave to File Brief Response to Defendants' Response to Sur-Reply at Dkt. 50 as to Request for Entry of Default. Dkt.52. Defendant objects to the filing of the 'brief response,' since the premise that the precedent relied on by defendant conflicts with that relied on by plaintiffs is mistaken, and because once again, the plaintiffs are misleading this Court, and are contumaciously pursuing default instead of litigating this case on the merits.

2. Simply put, *none of the cases relied on by plaintiffs involve a return of the unclaimed certified mail envelope to the plaintiff/sender*. In the primary case relied on by plaintiffs, Laboy v. Firstbank P.R., 2010 Bankr. LEXIS 345 (Bankr. D.P.R. 2010), "plaintiffs' counsel never received the return receipt slip from the U.S Postal Service." This is a critical

distinction from the instant case and from GE Money Bank v. Frazier (In re Frazier), 394 B.R. 399, 400-402 (Bankr. E.D. Va. 2008), where the certified mail was returned unclaimed to the plaintiffs such that plaintiff/sender had actual knowledge of a lack of receipt.

   3. Contrary to plaintiffs' assertions, Frazier is in complete accord with Laboy. Frazier acknowledges that Rule 7004(b) does not require proof of actual receipt, and that service by certified mail is proper if the party actually receives the summons and complaint, and/or the receipt is not returned to the sender marked unclaimed. Id. at 401, fns. 3, and 4, citing Tullock v. Hardy (In re Hardy), 187 B.R. 604, 607 (Bankr.E.D.Tenn. 1995) (receipt signed and returned); Gazes v. Kesikrodis (In re Ted A. Petras Furs, Inc.), 172 B.R. 170, 176-77 (Bankr.E.D.N.Y. 1994) (defendant actually received summons and complaint although receipt was not signed and returned).

   4. The critical point here is not certified mail versus first class mail, but rather that because plaintiffs elected to use certified mail, and it was returned unclaimed to the plaintiffs, giving them concrete knowledge of lack of service, service was not effective under Rule 7004(b)(9).

   WHEREFORE, the Trust respectfully requests from this Honorable Court that it deny plaintiffs' Motion for Leave to File a Brief Response, that it deny plaintiffs' Motion Requesting Entry of Default, that it quash plaintiffs' service on the Trust, and that it order the plaintiffs to cease discovery until the Trust has been properly served and has had an opportunity to respond to the amended complaint.

   Respectfully submitted.

   In San Juan, Puerto Rico, this 31st day of July, 2014.

   I HEREBY CERTIFY: That on this same date I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

              s/ Joan Schlump Peters
               **Joan Schlump Peters**

USDC-PR No. 207409  
Email: jpeters@guillemardlaw.com

P.O. Box 9949  
San Juan, PR 00908  
Tel. (787) 724-1212  
Fax (787) 725-1339

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court of the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may e granted unless: (1) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.